1  WRIGHT, FINLAY & ZAK, LLP
2  Robin P. Wright, Esq., SBN 150984
   Jonathan D. Fink, Esq., SBN 110615
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA  92660
   Tel: (949) 477-5050; Fax: (949) 477-9200
5  rwright@wrightlegal.net; jfink@wrightlegal.net

6
   Attorneys for Plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE FOR ABFC
7  2006-OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES, SERIES 2006-
8  OPT2

**FILED**

2010 APR 21  AM 11: 57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11

12  WELLS FARGO BANK, N.A., AS       ) Case No.:
13  TRUSTEE FOR ABFC 2006-OPT2       ) **10 CV 0837 LAB      POR**
    TRUST, ABFC ASSET-BACKED         )
14  CERTIFICATES, SERIES 2006-OPT2,  ) **VERIFIED COMPLAINT FOR:**
15                                   ) **1. CANCELLATION OF**
              Plaintiff,             )    **INSTRUMENT;**
16                                   ) **2. DECLARATORY RELIEF;**
17       vs.                         ) **3. QUIET TITLE;**
    SARALAND INVESTMENTS;            ) **4. FRAUD;**
18  PACIFIC FEDERAL TITLE            ) **5. SLANDER OF TITLE**
    ASSOCIATES; KIRBY SPENCER;       )
19  AND ALL PERSONS CLAIMING         )
    ANY INTEREST IN THE SUBJECT      )
20  REAL PROPERTY,                   )
21                                   )
22            Defendants.            )
                                     )
23  _____)

24

25

26      Plaintiff, WELLS FARGO BANK, N.A., AS TRUSTEE FOR ABFC 2006-

27  OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES, SERIES 2006-OPT2

28  ("Trustee") hereby alleges and complains as follows:

**JURISDICTION AND VENUE**

1.     The Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1332 in that the parties are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of fees and costs.

2.     The Court has personal jurisdiction over the Defendants hereto as Defendants committed acts in the State of California affecting title to real property located in California.

3.     Venue is proper in the Southern District of California pursuant to 28 USC § 1391 in that a substantial part of property that is the subject of the action is situated in the Southern District of California.

**PARTIES**

4.     Trustee is and was, at all times relevant herein, a national banking association, authorized to do and doing business in the State of California, with its principal place of business in the State of California.  Trustee is the duly authorized and sole trustee for the ABFC 2006-OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES, SERIES 2006-OPT2 ("Trust").

5.     Trustee is informed, believe, and based thereon allege that Defendant Kirby Spencer ("Spencer") is and was, at all time relevant herein, an individual residing in Clark County, Nevada, and is a citizen of the State of Nevada.

6.     Trustee is informed, believe and based thereon allege that Defendant Pacific Federal Title Associates, Inc. ("PFTA")  is a corporation, organized and existing under the laws of the State of Nevada, and with its principal place of business in Clark County, Nevada, and is a citizen of the State of Nevada.

7.     Trustee is informed, believe and based thereon allege that Defendant Saraland Investments Corp. ("Saraland") is a corporation, organized and existing under the laws of the State of Nevada, and with its principal place of business in Clark County, Nevada, and is a citizen of the State of Nevada.

///

VERIFIED COMPLAINT

1

## GENERAL ALLEGATIONS

2        8.      On July 26, 2006, Benjawan Permpoon ("Permpoon"), executed a

3 promissory note in the amount of $553,500.00 in favor of the originating lender H

4 & R Block Mortgage Corporation ("H & R Block") and secured by a Deed of Trust

5 against the property located at 3333 Chamoune Ave, San Diego, California 92105

6 (the "Property").[1]  The Deed of Trust was recorded in the Official Records of San

7 Diego County on August 28, 2006 as Instrument Number 2006-0611011 ("First

8 Deed of Trust").

9        9.      On or about December 27, 2006, H & R Block assigned the First Deed

10 of Trust to Option One Mortgage Corporation ("Option One.")  The Assignment was

11 recorded in the Official Records of San Diego County on January 11, 2007 as

12 Instrument Number 2007-0023413 ("First Assignment").[2]

13        10.     On or about April 22, 2008, Option One assigned the First Deed of

14 Trust to Trustee.  The Assignment was recorded in the Official Records of San Diego

15 County on August 26, 2008 as Instrument Number 2008-0455983 ("Second

16 Assignment").[3]

17        11.     On or about April 22, 2008, Quality Loan Service Corporation

18 ("Quality"), as attorney in fact for Trustee, recorded a Substitution of Trustee

19 whereby Quality became the foreclosure Trustee under the First Deed of Trust.  The

20 Substitution of Trustee was recorded in the Official Records of San Diego County on

21 July 24, 2008 as Instrument Number 2008-0396431 ("Substitution of Trustee").[4]

22        12.     Due to Permpoon's default under the First Deed of Trust, foreclosure

23 proceedings were commenced by the recording of a Notice of Default on April 22,

24 2008 by Quality, in the Official Records of San Diego County as Instrument Number

25

26

27

28

---

[1] *A true copy the Deed of Trust is attached as* Exhibit "1" hereto.
[2] *A true copy of the First Assignment is attached as* Exhibit "2" hereto.
[3] *A true copy of the Second Assignment is attached as* Exhibit "3" hereto.
[4] *A true copy of the SOT is attached as* Exhibit "4" hereto.

VERIFIED COMPLAINT

1   2008-0214532 ("NOD.")[5] Upon expiration of the NOD, Quality recorded a Notice of
2   Trustee's Sale ("NOTS") setting the sale of the Property for August 12, 2008. The
3   NOTS was recorded in the Official Records of San Diego County on July 24, 2008 as
4   Instrument Number 2008-0396432.[6]

5       13.    On August 11, 2008, Permpoon executed a Grant Deed thereby granting
6   an undivided one-tenth interest to Jiraporn Klaseuk ("Klaseuk"). The Grant Deed
7   was recorded in the Official Records of San Diego County on August 12, 2009 as
8   Instrument Number 2008-0430022("Klaseuk Grant Deed").[7]

9       14.    The foreclosure sale took place by public auction on October 7, 2008,
10  with title reverting back to Trustee, and Quality recorded the Trustee's Deed Upon
11  Sale ("TDUS") on October 14, 2008.[8]

12      15.    In order to recover possession of the Property, on April 6, 2009, Trustee
13  filed an unlawful detainer action against Klaseuk and all the occupants, with the
14  Court granting Trustee's Motion for Summary Judgment and issuing a Writ of
15  Possession.[9]

16      16.    On May 27, 2009, while the unlawful detainer action was pending,
17  Permpoon and Klaseuk filed suit against Trustee, among others, in the United States
18  District Court for the Southern District of California, *Permpoon v. Wells Fargo Bank,*
19  *N.A.*, Case No. 09cv1140H-MLH –BLM ("Permpoon Action"). On May 27, 2009,
20  Plaintiffs also recorded a Notice of Pendency of Action in the Official Records of
21  San Diego County on May 27, 2009 as Instrument Number 2009-0280617.[10]

22      17.    The Permpoon Action was dismissed with leave to amend on Trustee's
23  motion on September 29, 2009 but, in lieu of filing an amended pleading, on

24

25

26  [5] *A true copy of the NOD is attached as* Exhibit "5" hereto.
27  [6] *A true copy of the NOTS is attached as* Exhibit "6" hereto.
    [7] *A true copy of the Klaseuk Grant Deed is attached as* Exhibit "7" hereto.
28  [8] *A true copy of the TDUS is attached as* Exhibit "8" hereto.
    [9] *A true copy of the unlawful detainer action docket is attached as* Exhibit "9" hereto.
    [10] *A true copy of the Notice of Pendency of Action is attached as* Exhibit "10" hereto.

VERIFIED COMPLAINT

1   November 16, 2009, Permpoon and Klaseuk voluntarily dismissed the entire action
2   without prejudice.

3       18.    Unbeknownst to Trustee, on August 20, 2009, a Grant Deed was
4   recorded by PFTA which purported to transfer title to the Property from Wells Fargo
5   Bank, N.A. (albeit *not in its capacity as Trustee*) to Saraland as a gift ("Grant
6   Deed"). This Grant Deed was executed by Spencer, who represented thereon that he
7   was a "Vice President Assistant Secretary" of Wells Fargo Bank, N.A.[11]

8       19.    In reality, Spencer was not an officer, director, employee or authorized
9   agent of Wells Fargo Bank, N.A., Wells Fargo Bank, N.A. never authorized (let
10  alone executed) the Grant Deed, Wells Fargo Bank, N.A. was not itself the owner of
11  the Property at the time the Grant Deed was purportedly executed, and the Trustee—
12  which was and is the true owner of the Property--never authorized (let alone
13  executed) the Grant Deed nor did Trustee learn of its existence until in or about the
14  end of February, 2010, in connection with attempting to enforce its Unlawful
15  Detainer judgment.

16      20.    Moreover, the Grant Deed, which purports to be notarized by Jack F.
17  Mack, as a New York State notary, was not in fact legitimately notarized in New
18  York State. Not only is there no record of Mr. Mack being a notary, but the
19  registration number he provided on his notary stamp is not a number (or even in the
20  format) utilized by New York state.

21      21.    A review of Court and real property records suggests that PFTA and
22  Saraland have engaged in recording similar forged or otherwise fraudulent
23  documents as to other real properties in Nevada and California.

24              **FIRST CAUSE OF ACTION**

25      **(Cancellation of Instruments against Saraland)**

26      22.    Trustee repeats and incorporates by reference as though set forth in full
27  Paragraphs 1 through 21, inclusive, of the Complaint.

28

---

[11] *A true copy of the Saraland Grant Deed* is attached as Exhibit "11" hereto.

23.    The Grant Deed, although apparently valid on its face, is null and void on the grounds that the Grant Deed was fraudulently drafted and signed, and fraudulently notarized by Defendants, without Trustee's knowledge or consent, in an attempt to deprive Trustee's Trust of the Property, and, instead to sell the Property and keep the proceeds for themselves.

24.    Trustee did not receive any consideration for the putative transfer nor did it provide the Property to Saraland, or anyone else, as a gift.

25.    A review of title records for the Property reflects that, at no time since the Grant Deed was recorded, has any other party, acquired an interest in the Property in a manner which allows such party to claim to qualify as a bona fide purchaser or encumbrancer for value.

26.    Unless it is cancelled, the fraudulently recorded Grant Deed may cause serious injury to Trustee and its Trust, in that a third party purchaser, encumbrancer or other interest holder may try to qualify as a bona fide purchaser or encumbrancer for value which may impair, impede or extinguish the legal and/or equitable interest Trustee has in the Property on behalf of the Trust.

27.    Despite the execution and recordation of the Grant Deed, Trustee, on behalf of the Trust, is the sole lawful owner of the Property and should hold it free and clear of any interest of Saraland or anyone else.

28.    Accordingly, Trustee requests that the Court issue a judgment and order canceling the Grant Deed as of the date of recordation, and any subsequent transfers of any interest in the Property by or on behalf of Saraland.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

29.    Trustee repeats and incorporates by reference as though set forth in full Paragraphs 1 through 21, inclusive, of the Complaint.

30.    An actual controversy has arisen between Trustee and Defendants in that Trustee contends, and Defendants deny, the following:

1     a.     As between Trustee and Defendants, only Trustee, on behalf of the

2  Trust, has any right, title or interest in the Property.

3     b.     The Grant Deed was executed without Trustee's knowledge or consent

4  and is void ab initio.

5     c.     Spencer was not an authorized agent, employee, officer or director of

6  either Trustee, either in its individual capacity as Wells Fargo Bank, N.A. or as

7  trustee of the Trust.

8     d.     Trustee had no intent to transfer the Property to Defendants at all, let

9  alone as a gift.

10     e.     The Grant Deed was created and executed by Defendants as part of a

11  scheme to defraud the Trust and/or to obtain the Property for their own use and

12  benefit.

13     31.    Trustee desires and requests a judicial determination of the parties'

14  respective rights to the Property.

15     32.    A declaration of the respective rights and responsibilities of the parties

16  is essential and appropriate so that the parties may ascertain their respective rights

17  and obligations with respect to the Property.

### THIRD CAUSE OF ACTION

**(Quiet Title to Real Property Against All Defendants)**

20     33.    Trustee repeats and incorporates by reference as though set forth in full

21  Paragraphs 1 through 21, inclusive, of the Complaint.

22     34.    Defendants claim that pursuant to the recordation of the Grant Deed,

23  they hold an interest in the Property that is superior and adverse to that of Trustee.

24  Trustee claims the Grant Deed is void ab initio as being the product of fraud, forgery

25  and other chicanery on the part of Defendants.  Trustee further claims that the Trust's

26  interest in the Property is valid and prior to all other interests and liens upon it,

27  including, but not limited to, the Grant Deed.

28  ///

VERIFIED COMPLAINT

35.     Trustee is seeking to quiet title to the Property as of August 7, 2009, the date that the Grant Deed was purportedly executed, as against the claims and interests of all Defendants and any and all persons claiming any legal or equitable right, title or interest in the Property under them, whether known or unknown, on the basis that any such claim or interest would be improper as a matter of fact and law as the Grant Deed is a fraudulent and forged document which is void ab initio.

## FOURTH CAUSE OF ACTION

### (Fraud Against All Defendants)

36.     Trustee repeats and incorporates by reference as though set forth in full Paragraphs 1 through 21, inclusive, of the Complaint.

37.     Defendants did not have the legal authority to execute the Grant Deed nor to transfer the Property from the Trust to Saraland.  Defendants knew, at all times relevant hereto, that they lacked that authority.  Nonetheless, at times and places peculiarly within their own knowledge, Defendants, and each of them, conspired to impersonate Wells Fargo Bank, N.A. and to knowingly execute, notarize (using someone pretending to be a notary) and record a false and fraudulent document, the Grant Deed, in order to deprive the Trust of the Property and to enable them to use the Property for their own benefit and profit.

38.     At no time prior to, or since, the recording of the Grant Deed did Trustee, or anyone acting on its behalf, authorize Defendants to execute or record the Grant Deed.

39.     As a direct and proximate result of Defendants' fraudulent conduct, Trustee and the Trust have suffered damages via the potential loss of the Property, in an amount to be proven at the time of trial but reasonably believed to be in excess of $553,000.

40.     The conduct of Defendants, and each of them, was willful, wanton, malicious, and oppressive, and was undertaken by Defendants with the intent to

8

1  defraud Trustee and the Trust out of the Property for the benefit and profit of
2  Defendants even though they knew that they had no legitimate basis for doing so.
3  Accordingly, punitive damages are warranted against Defendants in an amount
4  sufficient to deter them from such conduct in the future.

5  ### FIFTH CAUSE OF ACTION

6  **(Slander of Title Against All Defendants)**

7      41.    Trustee repeats and incorporates by reference as though set forth in full
8  Paragraphs 1 through 21, inclusive, and Paragraphs 37 and 38 of the Complaint.

9      42.    Trustee, on behalf of the Trust, is the sole lawful owner of the Property.
10  The Grant Deed constitutes a knowingly false and fraudulent representation by
11  Defendants that they have superior right, title and interest in the Property to that of
12  Trustee.  The Grant Deed was executed and recorded by Defendants without right,
13  justification or privilege.

14      43.    The existence of the Grant Deed constitutes a cloud on Trustee's title to
15  the Property, casts doubt on that title, and seriously interferes with its ability to
16  market, let alone sell, or even encumber the Property.

17      44.    As a direct and proximate result of Defendants' slandering its title to the
18  Property, Trustee and the Trust have suffered damages via the potential loss of the
19  Property, in an amount to be proven at the time of trial but reasonably believed to be
20  in excess of $553,000 and has been forced to retain attorneys and incur attorneys'
21  fees to protect its interests.

22      45.    The conduct of Defendants, and each of them, was willful, wanton,
23  malicious, and oppressive, and was undertaken by Defendants with the intent to
24  defraud Trustee and the Trust out of the Property for the benefit and profit of
25  Defendants even though they knew that they had no legitimate basis for doing so.
26  Accordingly, punitive damages are warranted against Defendants in an amount
27  sufficient to deter them from such conduct in the future.
28  ///

VERIFIED COMPLAINT

**WHEREFORE,** Trustee prays for judgment as follows:

## ON THE FIRST CAUSE OF ACTION:

1.    For an order canceling the Grant Deed recorded on August 20, 2009, in San Diego County as Instrument No. 2009-0468524.

## ON THE SECOND CAUSE OF ACTION

2.    For a declaration and order that:

a.    As between Trustee and Defendants, only Trustee, on behalf of the Trust, has any right, title or interest in the Property.

b.    The Grant Deed was executed without Trustee's knowledge or consent and is void ab initio.

c.    Spencer was not an authorized agent, employee, officer or director of either Trustee, either in its individual capacity as Wells Fargo Bank, N.A. or as trustee of the Trust.

d.    Trustee had no intent to transfer the Property to Defendants at all, let alone as a gift.

e.    The Grant Deed was created and executed by Defendants as part of a scheme to defraud the Trust and/or to obtain the Property for their own use and benefit.

## ON THE THIRD CAUSE OF ACTION

3.    For an order quieting title to the Property in favor of Trustee and against Defendants as of August 7, 2009.

## ON THE FOURTH AND FIFTH CAUSES OF ACTION

4.    For compensatory damages in an amount according to proof at the time of trial but reasonably believed to be in excess of $550,000;

5.    For an award of exemplary or punitive damages against Defendants in an amount sufficient to deter them from such wrongful conduct in the future.

///

///

10

VERIFIED COMPLAINT

**ON ALL CAUSES OF ACTION**

6.      For interest at the maximum legal rate;

7.      For reasonable attorneys' fees and costs of suit herein; and

8.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  April 16, 2010          By:  _____
Robin P. Wright, Esq
Jonathan D. Fink, Esq.
Attorneys for Plaintiff, WELLS FARGO
BANK, N.A., AS TRUSTEE FOR ABFC
2006-OPT2 TRUST, ABFC ASSET-
BACKED CERTIFICATES, SERIES 2006-
OPT2

11

| | |
|---|---|
| **WELLS FARGO BANK, N.A., AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES, SERIES 2006-OPT2,** | ) **Case No.:** |
| | ) |
| | ) |
| | ) **COMPLAINT FOR:** |
| | ) 1.   CANCELLATION OF |
| | )        INSTRUMENT; |
| **Plaintiff,** | ) 2.   DECLARATORY RELIEF; |
| | ) 3.   QUIET TITLE; |
| **vs.** | ) 4.   FRAUD; |
| **SARALAND INVESTMENTS; PACIFIC FEDERAL TITLE ASSOCIATES; KIRBY SPENCER; AND ALL PERSONS CLAIMING ANY INTEREST IN THE SUBJECT REAL PROPERTY,** | ) 5.   SLANDER OF TITLE |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

---

## VERIFICATION

I, Cynthia Stevens, as attorney in fact for Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT2 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT2, Plaintiff in the above-entitled action, and I am authorized to make this Verification on its behalf. I have read the foregoing VERIFIED COMPLAINT and know the contents. The same is true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct and that this Verification was executed on April 9th, 2010.

By: _Cynthia Stevens_

Cynthia Stevens, Declarant

WELLS FARGO BANK; N.A., AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES, SERIES 2006-OPT2, Plaintiff, vs. SARALAND INVESTMENTS; PACIFIC FEDERAL TITLE ASSOCIATES; KIRBY SPENCER; AND ALL PERSONS CLAIMING ANY INTEREST IN THE SUBJECT REAL PROPERTY, Defendants.

**EXHIBIT 1**

When recorded mail to:
First American Title Insurance
Lenders Advantage
1100 Superior Avenue, Suite 200
Cleveland, Ohio 44114
Attn: Lewisville Team

**4298**

DOC # 2006-0611011

AUG 28, 2006     10:48 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:          45.00
PAGES:           13          DA:        1

ATTN:   RECORDS MANAGEMENT

Loan Number:  401009285
Servicing Number:  002199845-5
*RECORDING REQUESTED BY:*
**FIRST AMERICAN**

2006-0611011

**DEED OF TRUST**

THIS DEED OF TRUST ("Security Instrument") is made on     July 26, 2006
The trustor is
BENJAWAN PERMPOON,   A SINGLE WOMAN

("Borrower").

The trustee is     PREMIER TRUST DEED SERVICES, INC.

("Trustee").

The beneficiary is
        H&R Block Mortgage Corporation, a Massachusetts Corporation
which is organized and existing under the laws of        MASSACHUSETTS
and whose address is     3 Burlington Woods, 2nd Floor, Burlington, MA   01803

("Lender").

Borrower owes Lender the principal sum of
    FIVE HUNDRED FIFTY THREE THOUSAND FIVE HUNDRED  DOLLARS NO CENTS
                     . . .AND NO/100THs      Dollars (U.S. $553,500.00        ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on     August 01, 2036.
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect
the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the
following described property located in                           San Diego                County, California:

476-131-10-00

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

which has the address of            3333   CHAMOUNE AVE, SAN DIEGO

(Street, City)

California            92105-4213        ("Property Address");
                     (Zip Code)

CALIFORNIA - Single Family
Page 1 of 8

CAD10011 (10-07-98)

**4209**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a Lender for a federal related mortgage loan may require for Borrower's escrow account under the Federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. @ 2601 *est seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits or accounts of which are insured or guaranteed by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not Charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this

Loan Number:   401009285        Servicing Number:    002199845-5       Date:   07/26/06        **4210**

Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, any insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

6. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans of different terms. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument; (1) Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument, (2) Decrease the term of the loan and adjust the monthly payments under the Note accordingly, increase the interest rate and adjust the monthly payments under the Note accordingly, or (3) require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights

Loan Number: 401009285    Servicing Number: 002199845-5    Date: 07/26/06    **4211**

or powers of Lender or trustee with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this

Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and

to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, or other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** If any monthly installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other deed of trust or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice and regardless of any prior forbearance. In such event, Lender, at its option, may then or thereafter deliver to Trustee a written declaration of default and demand for sale and shall cause to be filed of record a written notice of default and of election to cause to be sold the Property. Lender shall also deposit with Trustee this Security Instrument and any notes and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following recordation of such notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Borrower, shall sell the Property at the time and place specified by Trustee in such notice of sale, or at the time to which such noticed sale has been duly postponed, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, except that Lender may offset its bid to the extent of the total amount owing to it under the Note and this Security Instrument, including Trustee's fees and expenses. Trustee may sell the Property as a whole or in separate parcels if there is more than one parcel, subject to such rights as Borrower may have by law to direct the manner or order of sale, or by such other manner of sale which is authorized by law. Trustee may postpone the time of sale of all or any portion of the Property by public declaration made by Trustee at the time and place last appointed for sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law.

23. **Substitute Trustee.** Lender may, from time to time, by instrument in writing, substitute a successor or successors to any Trustee named in this Security Instrument or acting hereunder. Such instrument shall be executed and acknowledged by Lender and recorded in the office of the Recorder of the county or counties where the property is situated and shall be conclusive proof of the proper substitution of such successor Trustee or Trustees. Such successor Trustee or Trustees shall, without conveyance from the predecessor Trustee, succeed to all its title, estate, rights, powers and duties. The procedure herein provided for substitution of Trustees shall not be exclusive of other provisions for substitution permitted by law.

24. **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address

which is the Property Address.

25. **Statement of Obligation Fee.** Lender may collect a fee equal to the maximum amount as may from time to time be allowed by law for furnishing any statement of obligation, beneficiary's statement, beneficiary's demand or any other statement regarding the condition of or balance owing under the Note or secured by this Security Instrument.

26. **Offsets.** No indebtedness secured by this Security Instrument shall be deemed to have been offset or to be offset or compensated by all or part of any claim, cause of action, counterclaim or crossclaim, whether liquidated or unliquidated, which Borrower (or subject to Paragraph 17 of this Security Instrument, any successor to Borrower) now or hereafter may have or may claim to have against lender; and, in respect to the indebtedness now or hereafter secured hereby, Borrower waives, to the fullest extent permitted by law, the benefits of California Code of Civil Procedure Section 431.70 (and any successor laws) and any comparable or similar law of any other jurisdiction. Section 431.70 of the California Code of Civil Procedure provides as follows:

"Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section is not available if the cross-demand is barred for failure to asset it in a prior action under Section 426.30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a "demand for money" and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred under Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9."

27. **Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

28. **Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

29. **Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by law.

30. **Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender or lawful successors in interest.

31. **Construction of the Security Instrument.** Borrower and Lender agree that this Security Instrument shall be interpreted in a fair, equal, and neutral manner as to each of the parties, notwithstanding the provisions of Section 1654 of the California Civil Code. Section 1654 of the California Civil Code provides as follows:

"In the cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."

32. **Reimbursement.** To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien reconveyances and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

33. **Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to reexecute any documents that are necessary to correct any such error(s).

**4215**

.Loan Number: 401009285      Servicing Number: 002199845-5      Date: 07/26/06

Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

**34. Lost, Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan Document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

**35. Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security Instrument and Borrower has not abandoned the Property.

**36. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[X] Adjustable Rate Rider          [ ] Condominium Rider                    [ ] 1-4 Family Rider
[ ] No Prepayment Penalty Option Rider   [ ] Planned Unit Development Rider   [ ] Occupancy Rider
[X] Other(s) (specify) Balloon Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_BENJAWAN    PERMPOON_ _____          -Borrower      _____          -Borrower

_____          -Borrower      _____          -Borrower

_____          -Borrower      _____          -Borrower

[Space Below This Line For Acknowledgment]

State of California, County of_____ **SAN DIEGO** _____}SS:

On ___ **JUL 2 6 2006** ___ before me,___ Anthony W. Green, Notary Public ___

personally appeared **BENJAWAN PERMPOON** _____

personally ~~known~~ to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in ~~his/her/their~~ authorized capacity(ies), and that by ~~his/her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.      Signature _Anthony W. Green_
(Reserved for official seal)

Anthony W. Green, Notary Public

ANTHONY W. GREEN          Name (typed or printed)
Commission # 1407361
Notary Public - California      My commission expires:___ **APR 2 3, 2007.** ___
San Diego County
My Comm. Expires Apr 23, 2007

Page 8 of 8                                                CAD10018 (10-07-98)

**4216**

Loan Number:  401009285          Servicing Number:  002199845-5          Date:  07/26/06

# BALLOON RIDER

This is a BALLOON LOAN. The term of the loan is 40/30 years. This means that while your monthly payment amount is amortized in accordance with a 40 year loan term, the loan is payable in full in THIRTY (30) years from the date the loan is made. As a result, you will be required to repay the entire remaining principal balance, together with accrued interest, late charges, if any, and all advancements made by the lender under the terms of this loan in THIRTY (30) years from the date on which the loan is made.

The lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of other assets you may own, or you may have to find another lender willing to refinance the loan.

Assuming this lender or another lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time which may be considerably higher or lower than the interest rate paid on this loan. You may also have to pay some or all of the closing costs normally associated with the new mortgage loan even if you obtain refinancing from the same lender.

| | |
|---|---|
| _Benjawan   Perapoon_ | |
| BENJAWAN    PERAPOON          -Borrower | -Borrower |
| | |
| -Borrower | -Borrower |
| | |
| -Borrower | -Borrower |

**MULTISTATE BALLOON RIDER**
Page 1 of 1

USR1091.wp (05-19-05)

**4217**

Loan Number: 401009285     Servicing Number: 002199845-5     Date: 07/26/06

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made  July 26, 2006
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
        H&R Block Mortgage Corporation, a Massachusetts Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

           3333   CHAMOUNE AVE,   SAN DIEGO, CA 92105-4213

                          [Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

The Note provides for an initial interest rate of          7.650%               . The Note provides for changes in the interest rate and the monthly payments, as follows:

**4.     INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change Dates**
   The interest rate I will pay may change on the first day of   August 01     2008
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
   **(B) The Index**
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
   If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
   **(C) Calculation of Changes**
   Before each Change Date, the Note Holder will calculate my new interest rate by adding
   SIX AND 10/100                              percentage point(s) ( 6.100%    )
to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will

Loan Number:  401009285      Servicing Number:  002199845-5      Date:  07/26/06

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than
     10.650%  or less than    7.650%              . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than     13.650%            or less than    7.650%            .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Covenant 17 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

4219

Loan Number: 401009285     Servicing Number: 002199845-5     Date: 07/26/06

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____(Seal)          _____(Seal)
BENJAWAN   PERMPOON

_____(Seal)          _____(Seal)

_____(Seal)          _____(Seal)

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 3 of 3                                              USRJ0023 (02-23-99)

4220

## Exhibit "A"

SITUATED IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO AND STATE OF CALIFORNIA:
LOTS 16 AND 17, BLOCK 8, BUNGALOW PARK ADDITION, IN THE CITY OF SAN DIEGO, COUNTY
OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1175, FILED IN THE
OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, APRIL 19, 1909.

APN# 476-131-10-00

PERMPOON
9907377
FIRST AMERICAN LENDERS ADVANTAGE
DEED OF TRUST

**EXHIBIT 2**

DOC #   2007-0023413

Recording Requested By:
**AMERICAN DOCUMENT SERVICES INC.**

And When Recorded Mail To:
**American Document Services Inc**
**250 Commerce, 2nd Floor**
**Irvine, CA 92602**      **7711**



JAN 11, 2007    12:44 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:              9.00
PAGES:             1          DA:          1

2007-0023413

_____ Space above for Reco

Loan#: 401009285   Service#: 199190AS1  +

## ASSIGNMENT OF DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **H&R BLOCK MORTGAGE CORP., A MASSACHUSETTS CORP.**, 20 BLANCHARD ROAD BURLINGTON MA 01803-0000. For VALUE RECEIVED, The undersigned hereby grants, assigns, and transfers to, **OPTION ONE MORTGAGE CORPORATION**, 3 ADA IRVINE CA 92618-0000 assignee, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Deed of trust for $553,500.00 is recorded in the State of CALIFORNIA, County of SAN DIEGO Official Records, dated and recorded on AUGUST 28, 2006, as Instrument No. 20006-0611011, in Book No. —, at Page No. 4208.

Executed by **BENJAWAN PERMPOON; A SINGLE WOMAN**, as trustors, **PREMIER TRUST DEED SERVICES; INC.**, as trustee and, **H&R BLOCK MORTGAGE CORPORATION; A MASSACHUSETTS CORPORATION** as the original beneficiary. Legal Description: As more fully described in said Deed of Trust.

Date: **DECEMBER 27, 2006**

**H&R BLOCK MORTGAGE CORPORATION, A MASSACHUSETTS CORP.**

By: _____

    Rachel Warmack, Vice President

| | |
|---|---|
| State of **CALIFORNIA** | } |
| County of **ORANGE** | } ss. |

On **DECEMBER 27, 2006**, before me, **Elizabeth Garcia**, a Notary Public, personally appeared **Rachel Warmack** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____

(Notary Name): Elizabeth Garcia

ELIZABETH GARCIA
COMM. #1685644
Notary Public-California
ORANGE COUNTY
My Comm. Exp. Aug 30, 2010

**EXHIBIT 3**

DOC #   2008-0455983

Recording requested by:

When recorded mail to:

Option One Mortgage Corporation
6501 Irvine Center Drive
Mail Stop: DA-AM
Irvine, CA 92618

AUG 26, 2008     8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        11.00
                          DA:        1

**PAGES:        1**

RECORDING REQUESTED BY:
FIDELITY NATIONAL TITLE

**1103**

Space above this line for recorders use

TS # CA-08-155475-SH          Order # G831257          Loan # 0021998455
                                                       Investor No. 401009285

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

**Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT2 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT2.**

all beneficial interest under that certain Deed of Trust dated **7/26/2006** executed by **BENJAWAN PERMPOON, A SINGLE WOMAN**, as Trustor(s) to **PREMIER TRUST DEED SERVICES, INC.**, as Trustee and recorded as Instrument No. **2006-0611011**, on **8/28/2006**, in Book **xxx**, Page **xxx** of Official Records, in the office of the County Recorder of **SAN DIEGO** County, **CA** together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:  4/22/2008 5:32 AM

**OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, BY QUALITY LOAN SERVICE CORP., ITS ATTORNEY-IN-FACT**

By: Mary Jane Sarne, AVP

State of   California   )
County of San Diego  )

On 8/8/2008 before me, **Bonnie J. Dawson**, a notary public ,personally appeared **Mary Jane Sarne,**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature                                                      (Seal)

BONNIE J. DAWSON
Commission # 1628086
Notary Public - California
San Diego County
My Comm. Expires Jan 6, 2010

**EXHIBIT 4**

*RECORDING REQUESTED BY:*
**FIDELITY NATIONAL TITLE**

DOC # 2008-0396431



Recording requested by:

When recorded mail to:

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
619-645-7711

4413

JUL 24, 2008    11:53 AM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        15.00

**PAGES:        3**

---

Space above this line for recorders use

TS # CA-08-155475-SH          Order # G831257          Loan # 0021998455

## Substitution of Trustee

WHEREAS, BENJAWAN PERMPOON, A SINGLE WOMAN was the original Trustor, PREMIER TRUST DEED SERVICES, INC. was the original Trustee, and H&R BLOCK MORTGAGE CORPORATION, A MASSACHUSETTS CORPORATION was the original Beneficiary under that certain Deed of Trust dated 7/26/2006 and recorded on 8/28/2006 as Instrument No. 2006-0611011, in book xxx, page xxx of Official Records of SAN DIEGO COUNTY, CA; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the manner provided for in said Deed of Trust,

NOW, THEREFORE, the undersigned hereby substitutes QUALITY LOAN SERVICE CORPORATION, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Page 1

Substitution of Trustee - CA
TS # CA-08-155475-SH
Page 2

**4414**

Dated: 4/22/2008

Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT2
Trust, ABFC Asset-Backed Certificates, Series 2006-OPT2.
by Quality Loan Service Corporation as its attorney in fact

By:  **Mary Jane Sarne, AVP**

State of ___California___ )
                          ) ss.
County of ___San Diego___ )

On **7/10/2008** before me, **M. C. Aquiningoc** a notary public, personally appeared **Mary Jane Sarne**, who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Signature

M.C. AQUININGOC
COMM. #1535187
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Commission Expires Dec. 16, 2008

3

**4415**

## Affidavit of Mailing
## for Substitution of Trustee By Code

TS No.: **CA-08-155475-SH**
Trustor: BENJAWAN PERMPOON, A SINGLE WOMAN

I, Jillian Fiero-Pilch, declare: That **I am an employee of Quality Loan Service Corp.**, an agent for beneficiary, whose business address is:

      2141 5th Avenue
      San Diego, CA 92101

I am over the age of eighteen years and in accordance with California Civil Code Section 2934, I caused a copy of the attached Substitution of Trustee to be mailed, in the manner provided in Section 2924(b) of the Civil Code of the State of California, to the trustee of record under the Deed of Trust described in said Substitution and to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Diego, CA on 7/8/2008.


_____
Jillian Fiero-Pilch

**EXHIBIT 5**

DOC #    2008-0214532



APR 22, 2008    4:06 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:            14.00
DA:        1
**PAGES:        2**



*RECORDING REQUESTED BY:*
**FIDELITY NATIONAL TITLE**

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corp.
2141.5th Avenue
San Diego, CA 92101

## 9186

TS No.: CA-08-155475-SH          Loan No.: 0021998455

Space above this line for Recorder's use

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.** You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account (normally five business days prior to the date set for the sale of your property). No sale may be set until three months from the date this notice of default is recorded (which date of recordation appears on this notice). This amount is **$12,512.38** as of 4/22/2008 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have the pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Option One Mortgage Corporation**
**C/O Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711**

9187

TS No.: CA-08-155475-SH
Loan No.: 0021998455
Notice of Default and Election To Sell Under Deed of Trust

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 7/26/2006, executed by BENJAWAN PERMPOON, A SINGLE WOMAN, as Trustor, to secure certain obligations in favor of H&R BLOCK MORTGAGE CORPORATION, A MASSACHUSETTS CORPORATION, as beneficiary, recorded 8/28/2006, as Instrument No. 2006-0611011, in Book xxx, Page xxx of Official Records in the Office of the Recorder of SAN DIEGO County, California describing land therein: as more fully described in said Deed of Trust.

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of $553,500.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of principal and interest plus impounds and / or advances which became due on 2/1/2008 plus amounts that are due or may become due for the following: late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustees fees, and any attorney fees and court costs arising from or associated with beneficiaries effort to protect and preserve its security must be cured as a condition of reinstatement.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 4/22/2008              **Quality Loan Service Corp., AS AGENT FOR BENEFICIARY**
                              BY: Fidelity National Title CA II

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

**EXHIBIT 6**

RECORDING REQUESTED BY:
FIDELITY NATIONAL TITLE

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

TS# CA-08-155475-SH       Loan # 0021998455

**DOC #    2008-0396432**



**JUL 24, 2008    11:53 AM**

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J SMITH, COUNTY RECORDER
FEES:        12.00

**PAGES:        2**

4416

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/26/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 to the Financial code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):       **BENJAWAN PERMPOON, A SINGLE WOMAN**
Recorded:        8/28/2006 as Instrument No. 2006-0611011 in book xxx, page xxx of Official Records in the office of the Recorder
of SAN DIEGO County, California;

Date of Sale:    8/12/2008 at 10:00 AM
Place of Sale:   **At the entrance to the East County Regional Center by statue, 250 E. Main Street, El Cajon, CA**
Amount of unpaid balance and other charges: **$575,687.86**
The purported property address is:       **3333 CHAMOUNE AVE**
                                          **SAN DIEGO, CA 92105**

Assessors Parcel No. **476-131-10**

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

Date: 7/23/2008                          **Quality Loan Service Corp.**
                                          **2141 5th Avenue**
                                          **San Diego, CA 92101**
                                          **619-645-7711 For NON SALE information only**
                                          **Sale Line: 714-573-1965 or Login to: www.priorityposting.com**
                                          **Reinstatement Line: 619-645-7711 x3704**

                                          Jillian Fiero-Pilch

**4417**

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**THIS NOTICE IS SENT FOR THE PURPOSE OF COLLECTING A DEBT. THIS FIRM IS ATTEMPTING TO COLLECT A DEBT ON BEHALF OF THE HOLDER AND OWNER OF THE NOTE. ANY INFORMATION OBTAINED BY OR PROVIDED TO THIS FIRM OR THE CREDITOR WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

**EXHIBIT 7**

RECORDING REQUESTED BY

**Benjawan Permpoon**
WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

**Benjawan Permpoon**
**3333 Chamoune Ave**
**San Diego, California Republic, near [92105]**

Title Order No. N/A
Escrow No.   N/A          **2484**



DOC # 2008-0430022

AUG 12, 2008     8:18 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES      12 10
OC.          OC.

**PAGES:**     1



# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX $1.10     City Tax is _0___

☐ Computed on the full value of the property conveyed, or
☐ Computed on full value less value of liens or encumbrances remaining at the time of sale
☐ Unincorporated area   ☐ City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

    **BENJAWAN PERMPOON, A SINGLE WOMAN]**

HEREBY GRANT(S) to

    **JIRAPORN KLASEUK, AN UNDIVIDED ONE TENTH INTEREST IN (10%)**

THE FOLLOWING DESCRIBED REAL PROPERTY: SITUATED IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO AND STATE OF CALIFORNIA; LOTS 16 AND 17, BLOCK 8, BUNGALOW PARK ADDITION, IN THE CITY OF SAN DIEGO COUNTY OF SAN DIEGO, STATE OF CALIFORNIA.  ACCORDING TO THE MAP THEREOF NO. 1175, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGOP COUNTY, APRIL, 19, 1909.

COMMONLY KNOWN AS: 3333 CHAMOUNE AVE, SAN DIEGO, CA 92105-4213

  A.P.N 476-131-10-00

Dated: August 11, 2008

STATE OF CALIFORNIA
COUNTY OF _San Diego_____

On _August 11, 2008_____ before me,
_C Morton_____, a
Notary Public, personally appeared _Benjawan
Permpoon_, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under
PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_CMorton - A Notary Public_
Notary Public Signature

**BENJAWAN PERMPOON**

**Notary Stamp or Seal**

C. MORTON
COMM. # 1741918
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. APR. 28, 2011

**EXHIBIT 8**

DOC # 2008-0535890



Trustee's Deed Upon Sale
Page 2

Recording requested by:

When recorded mail to:

Option One Mortgage Corporation
6501 Irvine Center Drive
Mail Stop: DA-AM
Irvine, CA 92618

17&3

OCT 14, 2008    10:19 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        12.00
OC:          NA

PAGES:    2

Forward tax statements to the address given above

Space above this line for recorders use

TS # CA-08-155475-SH             Order # G831257                    Loan # 0021998455

# Trustee's Deed Upon Sale

A.P.N.: 476-131-10                            Transfer Tax: $0.00

The undersigned grantor declares:
The grantee herein IS the foreclosing beneficiary.
The amount of the unpaid debt together with costs was:        $587,546.28
The amount paid by the grantee at the trustee sale was:       $479,400.00
The documentary transfer tax is:                              None
Said property is in the City of:  SAN DIEGO, County of SAN DIEGO

**QUALITY LOAN SERVICE CORPORATION**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT2 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT2.**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **SAN DIEGO**, State of California, described as follows:
**LOTS 16 AND 17, BLOCK 8, BUNGALOW PARK ADDITION, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1175, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, APRIL 19, 1909.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **BENJAWAN PERMPOON, A SINGLE WOMAN,** as trustor, dated 7/26/2006, and recorded on 8/28/2006 as instrument number 2006-0611011, in Book **xxx**, Page **xxx** of Official Records in the office of the Recorder of **SAN DIEGO**, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 4/22/2008, instrument no 0214532, Book , Page , of Official records. Trustee having complied with all applicable statutory requirements of the State of California and performed

**1724**

Trustee's Deed Upon Sale
Page 2

all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **10/7/2008** at the place named in the Notice of Sale, in the County of **SAN DIEGO**, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$479,400.00** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

Date: **10/7/2008**

**QUALITY LOAN SERVICE CORPORATION**

By: _____

**Vanessa Gonzales, Assistant Secretary**

State of California )
County of San Diego)

On **10/7/2008** before me, **Bonnie J. Dawson** a notary public, personally appeared **Vanessa Gonzales**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

**Bonnie J. Dawson**

```
BONNIE J. DAWSON
Commission # 1626086
Notary Public - California
San Diego County
My Comm. Expires Jan 6, 2010
```

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**EXHIBIT 9**

 **Superior Court of California, County of San Diego**

| Case Search Home | Previous Page | New Case Number Search | New Party Name Search | Printer-Friendly Version (All Entries) | Help |
|---|---|---|---|---|---|

## Register of Actions

THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION.

THE ENTRY DATE ON THE REGISTER OF ACTIONS MAY NOT ALWAYS REFLECT THE ACTUAL FILING DATE OF A DOCUMENT AND NOT ALL DOCUMENTS FILED WITH THE COURT ARE LISTED ON THE REGISTER OF ACTIONS. IT IS RECOMMENDED THAT USERS REFER TO THE CASE FILE FOR CONFIRMATION.

| | | | |
|---|---|---|---|
| Case Number: | **37-2009-00043686-CL-UD-CTL** | Date Filed: | **04/06/2009** |
| Case Title: | **Wells Fargo Bank NA vs. Jiraporn Klaseuk** | Case Status: | **Post Judgment** |
| Case Category: | **Civil - Limited** | Location: | **Central** |
| Case Type: | **Unlawful Detainer - Residential** | Judicial Officer: | |
| Case Age: | **73 days** | Department: | **C-05** |
| Next Event Type: | | Next Event Date: | |

Display: **All Entries**   Filing Information Only   Scheduling Information Only

| Entry Date | Short/Long Entry | Filed By |
|---|---|---|
| 04/05/2010 | Writ of Possession returned-SATISFIED | |
| 03/10/2010 | Minutes finalized for Motion Hearing (Civil) heard 03/10/2010 03:30:00 PM. | |
| 03/01/2010 | Ex Parte Application - Other and Supporting Documents filed by Klaseuk, Jiraporn. | Klaseuk, Jiraporn (Defendant) |
| 03/01/2010 | Motion Hearing (Civil) scheduled for 03/10/2010 at 03:30:00 PM at Central in C-05 . | |
| 03/01/2010 | Minutes finalized for Ex Parte heard 03/01/2010 01:15:00 PM. | |
| 03/01/2010 | Lockout stayed until 3/11/10 at 6:00 am. | |
| 03/01/2010 | Ex Parte scheduled for 03/01/2010 at 01:15:00 PM at Central in C-05 . | |
| 02/18/2010 | Writ of Possession issued. | |

| 02/11/2010 | Writ of Execution for Possession of the Premises submitted by Wells Fargo Bank NA rejected on 02/11/2010. | Wells Fargo Bank NA (Plaintiff) |
|---|---|---|
| 02/08/2010 | Writ of Possession returned-UNSATISFIED | |
| 06/23/2009 | Writ of Possession issued. | |
| 06/18/2009 | Motion Hearing (Civil) scheduled for 07/08/2009 at 01:30:00 PM at Central in C-05 was vacated. | |
| 06/18/2009 | Minutes finalized for Motion Hearing (Civil) heard 06/17/2009 01:30:00 PM. | |
| 06/18/2009 | The Motion for Summary Judgment was Granted . | |
| 06/18/2009 | Judgment was entered as follows: Judgment entered for Wells Fargo Bank NA and against Benjawan Permpoon;Jiraporn Klaseuk for a grand total of $ 0 . | |
| 06/17/2009 | Judgment - by Court - After Trial (Summary judgment) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/17/2009 | Order - Other (Summary Judgment) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/16/2009 | Opposition - Other (Defendant's Memorandum & Points & Authorities in Opposition to Plaintiff Motion for Summary Judgment) filed by Klaseuk, Jiraporn. | Klaseuk, Jiraporn (Defendant) |
| 06/15/2009 | Proof of Service (By United States Mail) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/15/2009 | Reply to Opposition - Other (to Defendant's Opposition to Plaintiff's Motion for Summary Judgment) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/12/2009 | Objections (in Opposition to Motion for Summary Judgment) filed by Permpoon, Benjawan. | Permpoon, Benjawan (Defendant) |
| 06/12/2009 | Memorandum of Points and Authorities (in Opposition to Motion fo rSummary Judgment) filed by Permpoon, Benjawan. | Permpoon, Benjawan (Defendant) |
| 06/10/2009 | Proof of Service (by Overnight Mail) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/10/2009 | Memorandum of Points and Authorities (and supporting documents) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/10/2009 | Motion for Summary Judgment and/or Adjudication filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/10/2009 | Association of Attorney filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 06/09/2009 | Motion Hearing (Civil) scheduled for 06/17/2009 at 01:30:00 PM at Central in C-05 . | |

| 06/08/2009 | Motion - Other (as to Motion for Stay and supporting Documents) filed by Permpoon, Benjawan. | Permpoon, Benjawan (Defendant) |
|---|---|---|
| 06/08/2009 | Motion Hearing (Civil) scheduled for 07/08/2009 at 01:30:00 PM at Central in C-05 . | |
| 05/08/2009 | Request for Entry of Default of Unnamed Tenants filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 05/08/2009 | Proof of service by Posting(UD) filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 05/08/2009 | Proof of Service of Summons & Complaint - Unnamed Occupants filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 05/08/2009 | ****DEFAULT RECEIVED**** | |
| 04/27/2009 | Answer (To Complaint) filed by Permpoon, Benjawan. | Permpoon, Benjawan (Defendant) |
| 04/27/2009 | Prejudgment Claim of Right to Possession filed by Permpoon, Benjawan. | Permpoon, Benjawan (Defendant) |
| 04/16/2009 | Answer (to Complaint) filed by Klaseuk, Jiraporn. | Klaseuk, Jiraporn (Defendant) |
| 04/15/2009 | Order Allowing Service of Summons by Posting and Mailing filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 04/14/2009 | Application for Order to Serve Summons by Posting and Mailing filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 04/06/2009 | Complaint Demanding Less than $10,000 filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 04/06/2009 | Case assigned to Department C-05. | |
| 04/06/2009 | Original Summons filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 04/06/2009 | Civil Case Cover Sheet filed by Wells Fargo Bank NA. | Wells Fargo Bank NA (Plaintiff) |
| 04/06/2009 | Summons issued. | |

**EXHIBIT 10**

*Please complete this information.*

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Kent Wilson
943 Imperial Ave, St G
Calexico CA 92231

F8
3P
ICON

DOC # 2009-0280617

MAY 27, 2009   11:19 AM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
DAVID L. BUTLER, COUNTY RECORDER
FEES:       16.00

6401

PAGES:       3

Space above this line reserved for Recorder's Use Only
Govt. Code 27361.6

Notice of Pendency of Action

(Please fill in document title(s) on this line)
Govt. Code 27324

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
Govt. Code 27361.6
(Additional recording fee applies)

6402

RECORDING REQUESTED BY:
Kent C. Wilson, Esq. CSB#058652

WHEN RECORDED MAIL TO:
Kent C. Wilson, Esq.
943 Imperial Avenue, Suite "G"
Calexico, CA 92231

FILED

09 MAY 27 AM 10: 56

UNITED STATED DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BENJAWAN PERMPOON, JIRAPORN
KLASEUK, individuals,

        Plaintiffs,

        v.

WELLS FARGO BANK NATIONAL
ASSOCIATION, OPTION ONE
MORTGAGE CORPORATION, QUALITY
LOAN SERVICE CORPORATION, H& R
BLOCK MORTGAGE CORPORATION,
FIRST AMERICAN LENDERS
ADVANTAGE, DREXEL LENDING
GROUP, OLD REPUBLIC TITLE
COMPANY & DOES 1 through 20,

        Defendants.

Case No.'09 CV 1140 H     BLM

**NOTICE
OF
PENDENCY OF ACTION**

I hereby attest and certify on   5/27/09
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

TO: WELLS FARGO BANK NATIONAL ASSOCIATION, OPTION ONE MORTGAGE
CORPORATION, QUALITY LOAN SERVICE CORPORATION, H& R BLOCK MORTGAGE
CORPORATION, FIRST AMERICAN LENDERS ADVANTAGE, DREXEL LENDING GROUP,
OLD REPUBLIC TITLE COMPANY and all parties claiming a lien, right of possession or equitable
interest in the property described below, and their attorneys of record:

1

NOTICE OF PENDENCY OF ACTION
BENJAWAN PERMPOON, et al. V. WELLS FARGO BANK NATIONALASSOCIATION, et al.

6403

1    NOTICE IS HEREBY GIVEN, that the above-entitled action was commenced on May
2    _____, 2009, in the Federal District Court of the Southern District of California by plaintiffs
3    BENJAWAN PERMPOON, JIRAPORN KLASEUK against WELLS FARGO BANK NATIONAL
4    ASSOCIATION, OPTION ONE MORTGAGE CORPORATION, QUALITY LOAN SERVICE
5    CORPORATION, H& R BLOCK MORTGAGE CORPORATION, FIRST AMERICAN LENDERS
6    ADVANTAGE, DREXEL LENDING GROUP, OLD REPUBLIC TITLE COMPANY entities believed
7    to be businesses, banks, individuals or corporations doing business in the State of California and DOES
8    1 through 20, defendants.  The action is now pending in the above entitled court located at 880 Front
9    Street, San Diego, CA 92101.
10          The above action alleges a real property claim affecting title and the right of possession of
11   certain real property that is situated in the County of San Diego, in or near the City of San Diego,
12   California, commonly known as 333 Chamoune Avenue, San Diego, CA 92105 legally described as
13   follows:

14       LEGAL DESCRIPTION:
15       APN: 476-131-10
16       LOTS 16 AND 17, BLOCK 8, BUNGALOW PARK ADDITION, IN THE CITY
17       OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
18       ACCORDING TO MAP THEREOF NO. 1175, FILED IN THE OFFICE OF
19       THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, APRIL 19,
20       1909.

21
22   Dated: May ⁵⁄₂₂ , 2009                          KENT C. WILSON
23
24                                          By:
25                                             Kent C. Wilson
26                                             Attorney for Plaintiffs,
27                                             BENJAWAN  PERMPOON,  JIRAPORN
                                               KLASEUK
28

2

NOTICE OF PENDENCY OF ACTION
BENJAWAN PERMPOON, et al. V. WELLS FARGO BANK NATIONALASSOCIATION, et al.

**EXHIBIT 11**

Branch :F01,User :A137                    Comment:                         Station Id :CNFO

DOC #   2009-0468524

APN: 476-131-10
Escrow No. 0818094-BP
   Recording Requested by:
Pacific Federal Title Associates

8508

AUG 20, 2009    1:57 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
DAVID L. BUTLER, COUNTY RECORDER
FEES:      11.00
OC:         OC

**PAGES:**      1

When Recorded Mail Tax
Statements to:
Saraland Investments
850 S Boulder Hwy. Ste. 132
Henderson, NV 89015

**GRANT DEED**          DOCUMENT TRANSFER TAX: $0.00

The undersigned grantor(s) declare(s)
Documentary transfer tax is $0.00 to Correct Title   GIFT
[x] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated Area    City of San Diego

**FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**

**WELLS FARGO BANK N.A.,** hereby **GRANT(S), WARRANT(S) and CONVEY to:**

   **"SARALAND INVESTMENTS"** hereinafter **GRANTEE**

all the following real property situated in the City of San Diego, County of San Diego, State of California,
and commonly known as : 3333 Chamoune Avenue, San Diego, CA 92105-4213 and
described as follows: LOTS 16 AND 17, BLOCK 8, BUNGALOW PARK ADDITION, IN THE CITY OF SAN DIEGO,
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1175, FILED IN THE
OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, APRIL 19, 1909.
   **and subject to:**
Any and All Reservations, restrictions, conditions, rights, rights of way and easements, if any of record on
said premises. Together with all and singular the tenements, hereditaments, and appurtenances
thereunto belongings or in anywise appertaining, and any reversions, remainders, rents, issues or profits
thereof.

   Dated: August 07, 2009
**PACIFIC FEDERAL TITLE ASSOCIATES**

Wells Fargo Bank N.A.

By:
Kirby Spencer, Vice President Assistant Secretary

**STATE OF NEW YORK**
**COUNTY OF KINGS**

On August 07, 2009 before me Jack E. Mack, Notary Public appeared, Kirby Spencer who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under
the laws of the State of New York that the foregoing paragraph is true and correct WITNESS my hand and
official seal.

                         *Official Seal*

JACK F. MACK
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG. 08174688
MY COMM. EXP. DEC. 3, 2012

Notary Public for New York State

SAN DIEGO, CA                    Page 1 of 1                    Printed on 3/9/2010 10:06:28 AM
Document: DD 2009.468524

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS012663
Cashier ID: mbain
Transaction Date: 04/21/2010
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
---------------------------------
CIVIL FILING FEE
 For: WELLS FARGO V SARALAND INVESTM
 Case/Party: D-CAS-3-10-CV-000837-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 88225
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

WELLS FARGO BANK, N.A., AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES,

**(b)** County of Residence of First Listed Plaintiff   San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

WRIGHT, FINLAY & ZAK, LLP
4665 MacArthur Court, Suite 280, Newport Beach, CA 92660

## DEFENDANTS

SARALAND INVESTMENTS; PACIFIC FEDERAL TITLE ASSOCIATES; KIRBY SPENCER, et al.

County of Residence of First Listed Defendant   Clark
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 0837 LAB   POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, 28 U.S.C. § 1391

Brief description of cause:
Cancellation of instrument; declaratory relief; quiet title; fraud; and slander of title.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   550,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE                          DOCKET NUMBER

DATE   04/16/2010

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET '10 CV 0837 LAB          POR

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**
WELLS FARGO BANK, N.A., AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ABFC ASSET-BACKED CERTIFICATES,

**(b)** County of Residence of First Listed Plaintiff   San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WRIGHT, FINLAY & ZAK, LLP
4665 MacArthur Court, Suite 280, Newport Beach, CA 92660

**DEFENDANTS**  2010 APR 21  PM 12: 06
SARALAND INVESTMENTS, PACIFIC FEDERAL TITLE ASSOCIATES, KIRBY SPENCER, et al.
CLERK US DISTRICT COURT
County of Residence of First Listed Defendant SOUTHERN DISTRICT OF CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.                            DEPUTY

Attorneys (If Known)

**II.  BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V.  ORIGIN**   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, 28 U.S.C. § 1391
Brief description of cause:
Cancellation of instrument; declaratory relief; quiet title; fraud; and slander of title.

**VII.  REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  550,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII.  RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  04/16/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  12663   AMOUNT  $350 —   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

COPY   TB 04-21-10